IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATH W. GRAY, ) | |
| ) | Civil Action No. 2:18-cv-01414 |
| Plaintiff, ) | |
| ) | Judge Nicholas J. Ranjan |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| ROBERT GILMORE, MICHAEL ZAKEN, ) | |
| and STEPHEN DURCO, ) | ECF No. 51 |
| ) | |
| Defendants. ) | |

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Plaintiff's Motion to Strike (ECF No. 51) be granted in part and denied in part. Specifically, that it be granted as to Defendants' fourth and eighth defenses and denied as to the remaining defenses.

**II.    REPORT**

   **A.  Facts**

Presently before the Court is Plaintiff Heath W. Gray's ("Plaintiff") Motion to Strike (ECF No. 51) filed on September 27, 2019. Defendants Robert Gilmore, Michael Zaken, and Stephen Durco (collectively "Defendants") filed their Response to Motion to Strike (ECF No. 56) on October 11, 2019. The matter is now ripe for disposition.

Plaintiff's complaint was filed on October 23, 2018 seeking damages and injunctive relief. The complaint centers on the use of video cameras during prison contact visits. Before and after a contact visit, a prisoner is strip searched in the presence of a corrections officer. A camera records and stores the search itself for a period of time. Additionally, should a prisoner use the

bathroom during a contact visit, the bathroom is also recorded by a video camera. Plaintiff alleges the video is continually monitored by remote prison staff which constitutes a bodily intrusion unwarranted by any legitimate penological interest.

Defendants filed a Motion to Dismiss for Failure to State a Claim on January 4, 2019. (ECF No. 20). Plaintiff filed a Motion for Leave to File Amended Complaint. (ECF No. 23). The Court granted the motion on January 18, 2019. (ECF No. 25). The Amended Complaint was docketed, rendering the Defendants' Motion to Dismiss moot. Defendants filed another Motion to Dismiss on February 06, 2019. (ECF No. 28). This Motion was denied by the Court on August 30, 2019. (ECF No. 43). Defendants filed their Answer on September 13, 2019 (ECF No. 48) raising nine (9) defenses and preserving more than eighteen (18). Plaintiff filed his Motion to Strike on September 27, 2019 (ECF No. 51) and Defendants filed their Response on October 11, 2019. (ECF No. 56).

### B. Standard of Review

Pursuant to Federal Rule of Civil Procedure 12(f), upon a motion to strike by either party, the "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The purpose of a Rule 12(f) motion to strike is to "clean up the pleadings, streamline litigation, and avoid the unnecessary forays into immaterial matters." U.S. v. Educ. Mgmt. Corp., 871 F. Supp. 2d 433, 460 (W.D. Pa. 2012). "A movant must show the allegations being challenged are so unrelated to the plaintiff's claims as to be unworthy of any consideration and that their presence in the pleadings will be prejudicial." Flanagan v. Wyndham Int'l, Inc, 2003 WL 23198798 (D. V.I. 2003). Although courts possess considerable discretion in disposing of a motion to strike under Rule 12(f), "striking a pleading is a 'drastic remedy' to be used sparingly because of the difficulty of deciding a case without a factual record." Dann v.

Lincoln Nat. Corp., 274 F.R.D. 139, 142 (E.D. Pa. 2011); Thornton v. UL Enters., 2010 WL 1005021, 2 (W.D. Pa. 2010); Tennis v. Ford Motor Co., 730 F. Supp. 2d. 437, 443 (W.D. Pa. 2010).

### C. Analysis

In this instant action, Plaintiff seeks to strike eight (8) of nine (9) of Defendants' defenses raised in their Answer. For the sake of clarity, we will analyze each challenged defense under separate subheadings below.

#### 1. Defendants' First Defense

Plaintiff seeks to strike Defendants' first defense on the basis that they are raising a previously waived challenge to jurisdiction and venue. (ECF No. 51 at ¶¶ 1-4). Admittedly, the Answer is confusing as it states as a heading "First Defense" but does not actually set forth a defense. Defendants are simply responding to the allegation of Plaintiff's Amended Complaint as to jurisdiction and venue. Id. Regardless, Defendants are not disputing jurisdiction or venue. (ECF No. 56 at ¶ 9). Even if Defendants sought to challenge jurisdiction – they may do so at any time. ". . . [T]he more substantial defenses of failure to state a claim upon which relief can be granted, . . . as well as the defense to lack of jurisdiction over the subject matter (see Rule 12(b)(1)), are expressly preserved against waiver." Fed. R. Civ. P. 12 advisory committee's note to 1966 amendment. In fact, a subject matter jurisdiction challenge is considered so important the court may do so *sua sponte* at any time. Fed. R. Civ. P. 12(h)(3). Accordingly, it is recommended that Plaintiff's Motion to Strike Defendants' first defense be denied as moot.

#### 2. Defendants' Second Defense

Plaintiff seeks to strike Defendants' second defense for failure to state a claim because the Court earlier denied Defendants' motion to dismiss for failure to state a claim. (ECF No. 51

3

at ¶¶ 5-7). However, the Federal Rules of Civil Procedure explicitly provide that the defense of failure to state a claim may be raised multiple times ". . . in any pleading allowed or ordered under Rule 7(a); by a motion under Rule 12(c); or at trial." Fed. R. Civ. P. 12(h)(2) (pleadings include an answer to a complaint). The Rules emphasize the importance of raising a failure to state a claim challenge. ". . . [T]he more substantial defenses of failure to state a claim upon which relief can be granted . . . are expressly preserved against waiver by amended subdivision (h)(2) and (3)." Fed. R. Civ. P. 12 advisory committee's note to 1966 amendment. Defendants are free to argue that Plaintiff failed to state a claim in any pleading, at the conclusion of the pleadings, or during trial. The Answer, being a pleading, may validly contain a defense for failure to state a claim. For these reasons, it is recommended that Plaintiff's Motion to Strike Defendants' second defense be denied.

### 3. Defendants' Third and Fourth Defense

Plaintiff seeks to strike both Defendants' third and fourth defenses for being redundant. (ECF No. 51 at ¶¶ 8-10). Defendants' third defense states, "[a]t no time did the Answering Defendant deprive Plaintiff of any rights, privileges or immunities secured by the Constitution or laws of the United States or the laws of the Commonwealth of Pennsylvania." (ECF No. 48 at ¶ 3(c)). Defendants' fourth defense states, "[t]he Plaintiff was not deprived of any rights under the Fourth or Fourteenth Amendments." (ECF No. 48 at ¶ 3(d)). Defendants argue there is no redundancy just because, "the Third Defense is stated more generally and the Fourth Defense more specifically." (ECF No. 56 at ¶ 11).

"A court possesses considerable discretion in disposing of a motion to strike under Rule 12(f)." River Rd. Devel Corp. v. Carlson Corp., 1990 WL 69085 (E.D. Pa. 1990). "The court may order stricken from any pleading any insufficient defense or any redundant, immaterial,

impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The third defense wholly encompasses the fourth defense, making the fourth defense redundant. The Fourth and Fourteenth Amendments clearly fall within the purview of the Constitution and the laws of the United States. Therefore, the Court agrees with Plaintiff that the fourth defense is redundant with that of the third. Accordingly, it is recommended that Plaintiff's Motion to Strike Defendants' fourth defense be granted.

### 4. Defendants' Fifth Defense

Plaintiff seeks to strike Defendants' fifth defense for legal insufficiency. The fifth defense states, "[s]ome or all of Plaintiff's claims are precluded by his failure to comply with the exhaustion requirements set forth in the Prison Litigation Reform Act." (ECF No. 48 at ¶ 3(e)). Plaintiff maintains that he filed a DC-ADM 008 PREA complaint, which constitutes an alternative to the normal prison grievance procedure in cases of sex abuse, and this satisfies all administrative exhaustion requirements. (ECF No. 51 at ¶¶ 11-13). "A motion to strike will not be granted where the sufficiency of a defense depends on disputed issues of fact." U.S v. Marisol, Inc., 725 F. Supp. 833, 836 (M.D. Pa. 1989). "Partly because of the practical difficulty of deciding cases without a factual record it is well established that striking a pleading should be sparingly used by courts." U.S. v. Consol. Coal Co., 1991 WL 333694 (W.D. Pa. 1991). Plaintiff may very well be correct in his contentions, however whether he truly filed a DC-ADM 008 PREA complaint and whether this satisfies administrative exhaustion requirements is a question of fact not to be decided in a motion to strike. Accordingly, it is recommended that Plaintiff's Motion to Strike Defendants' fifth defense be denied.

### 5. Defendants' Sixth and Seventh Defense

Defendants' sixth defense reads, "[t]he Eleventh Amendment protects the individual Answering Defendants against any and all claims brought against them in their official capacity. (ECF No. 48 at ¶ 3(f)). Defendants' seventh defense reads, "[t]he Answering Defendants are entitled to all immunities and protections under the law, including sovereign immunity and qualified immunity." (ECF No. 48 at ¶ 3(g)). Plaintiff seeks to strike Defendants' sixth and seventh defenses as being immaterial since he is suing Defendants in their individual and not official capacities. (ECF No. 51 at ¶¶ 14-15). Defendants correctly point out, however, that since Plaintiff is seeking injunctive relief, which is only available to officials sued in their official capacities, both defenses must stand. The Eleventh Amendment limits official capacity claims against state officials to prospective injunctive relief. U.S. Const. amed. XII; Ex parte Young, 209 U.S. 123 (1908); Hockenberry v. SCI Cambridge Springs/Pa Dep't of Corr., 2019 WL 2270345, (W.D. Pa. 2019). State officials can be sued in their individual capacities, but only for compensatory and punitive damages. See Hafer v. Melo, 502 U.S. 21, 29-30 (1991); Davis v. Scherer, 468 U.S. 183 (1984). The threat of injunctive relief as a remedy renders Defendants' sixth defense necessary.

Additionally, since Defendants are also being sued in their individual capacities, the seventh defense is necessary. Absolute and qualified immunity can limit damages in individual capacity suits against state officials. "A government official will only be liable for § 1983 damages to the extent that his own individual actions violated the Constitution, and so an official will enjoy qualified immunity unless his particular conduct violated clearly established rights." Toth v. Bethel Township, 268 F. Supp. 3d 725 (E.D. Pa. 2017) (quoting Iqbal, 556 U.S. at 676; Ashcroft v. al-Kidd, 563 U.S. 731, 742 (2011)). Since the defense of absolute or qualified immunity may limit liability with regard to individual capacity, the seventh defense must stand.

For these reasons, it is recommended that Plaintiff's Motion to Strike Defendants' sixth and seventh defenses be denied.

### 6. Defendants' Eighth Defense

Plaintiff seeks to strike Defendants' eighth defense on the basis it is a "bare-bones recitals of potential defenses" and will cause unreasonable prejudice. (ECF No. 51 at ¶¶ 16-18). Defendants' eighth defense reads, "[t]he Answering Defendants reserve any and all defenses set forth at Fed. R. Civ. P. 8(c)(1)." (ECF No. 48 at ¶ 3(h)). "The Third Circuit has not determined whether the Twombly and Iqbal decisions affect the pleading requirements for affirmative defenses." U.S. Bank Nat'l Ass'n v. Gerber, 380 F. Supp. 3d 429 (M.D. Pa. 2018); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009). The district courts in the Third Circuit have generally held Twombly and Iqbal inapplicable to affirmative defenses. Id. at 439; Newborn Bros. v. Albion Eng'g Co., 299 F.R.D. 90, 97 (D. N.J. 2014); Tyco Fire Prods. LP v. Victaulic Co., 777 F. Supp. 2d 893, 900 (E.D. Pa. 2011). Rather, the party asserting an affirmative defense must provide fair notice of the nature of the defense. Id.; Mifflinburg Tel. Inc. v. Criswell, 80 F. Supp. 3d. 566, 573 (M.D. Pa. 2015); Tyco Fire Prods. LP, 777 F. Supp. 2d at 900 & n.5. The affirmative defense must include, at minimum, a concise "statement of the grounds for asserting an affirmative defense that demonstrates a logical relationship to the lawsuit," or it must refer to general facts elsewhere in the parties' pleadings." Id.; Criswell, 80 F. Supp. 3d at 574 (citing 5c Charles Alan Wright et al., Federal Practice and Procedure § 1382 (ed 3d. 1989).

The defendants in Gerber raised an affirmative defense of intending to "avail themselves of any and all additional defenses which may become known to them throughout the discovery process." Gerber, 380 F. Supp. 3d at 429. The Court struck this defense. "The general reservation

7

to assert additional defenses in the future is not an affirmative defense and contravenes the Federal Rules of Civil Procedure." Id.; United States v. Sensient Colors, Inc., 580 F. Supp. 2d 369, 389 (D. N.J. 2008). Rule 8(c) requires a party to "affirmatively state any avoidance or affirmative defense" such that the opposing party has fair notice of what it must be prepared to address. Fed. R. Civ. P. 8(c); Gross v. Weinburg & Fox, LLC, 123 F. Supp. 3d 575, 583 (D. Del. 2015). "Rather than providing notice of a defense, the [defendants'] general reservation 'injects only ambiguity into the pleadings and therefore violates Rule 8's notice requirement.'" Gerber, 380 F. Supp. 3d at 429; Sensient Colors, Inc., 580 F. Supp. 2d at 389.

In this instant case, Defendants attempt to do the same thing as defendants in Gerber. By reserving all eighteen (18) Rule 8(c)(1) defenses, Defendants inject ambiguity into the pleadings and directly fail to provide notice to Plaintiff of which defenses to prepare for. No grounds for asserting this affirmative defense are given that demonstrate a logical relationship to the lawsuit. Defendants retain their ability to amend the Answer in the future, especially if a new development during discovery necessitates an additional defense or defenses. As an additional matter, Defendants' uncontested ninth defense reads, "[t]he Answering Defendants reserve the right to amend this Answer to assert additional defenses which may become apparent during investigation or discovery." (ECF No. 48 at ¶ 3(i)). The ninth defense wholly encompasses the eighth defense, thus invoking our touchstone standard of redundancy. The "court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). For these reasons, it is recommended that Plaintiff's Motion to Strike Defendants' eighth defense be granted.

### III. CONCLUSION

For the reasons discussed above, it is respectfully recommended that Plaintiff's Motion to Strike (ECF No. 51) be granted in part and denied in part. Specifically, that it be granted as to Defendants' fourth and eighth defenses and denied as to the remaining defenses.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of a copy of this Report and Recommendation to file objections. Any party opposing the objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

Dated: November 12, 2019

BY THE COURT

_____
LISA PUPO LENIHAN
United States Magistrate Judge

cc:   Heath W. Gray
      FP – 0237
      175 Progress Drive
      Waynesburg, PA  15370

      Counsel of record.
      *via electronic mail*