# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATH W. GRAY, | ) |
|     Plaintiff, | ) Civil Action No. 2:18-cv-01414 |
| v. | ) District Judge J. Nicholas Ranjan |
| ROBERT GILMORE, MICHAEL ZAKEN and STEPHEN DURCO, | ) Magistrate Judge Lisa Pupo Lenihan |
|     Defendants. | ) |

## MEMORANDUM ORDER

In civil lawsuits, defendants sometimes include a series of boilerplate affirmative defenses in their answers. One of the more common ones is: "Plaintiff has failed to state a claim." It's usually listed in the answer, yet rarely raised after the pleadings have closed. But is it proper to include that as an affirmative defense in an answer when, as here, a court has already decided a Rule 12(b)(6) motion, and found that the complaint does, in fact, state a claim? Put differently, can a defendant raise again in its answer this same defense after it was just rejected by the court?

Most plaintiffs don't bother challenging the assertion of a "failure to state a claim" defense in the answer. But the *pro se* Plaintiff here did. He moved to strike the defense, which the Magistrate Judge denied, and has now objected to that decision.

The Magistrate Judge's well-reasoned opinion was correct on nearly every basis—but on this one (largely technical) issue, Plaintiff here makes a good point. As other district courts have held, once a Rule 12(b)(6) motion is denied, a defendant can't assert that same defense in its answer. That would give him or her a second bite at the apple, without showing a change in the law or the facts that any other reconsideration motion demands.

## BACKGROUND

Plaintiff Heath Gray filed a complaint seeking damages and injunctive relief. The complaint centers on the use of video cameras during prison contact visits. Before and after a contact visit, a prisoner is strip-searched on camera and in front of a corrections officer. Additionally, should a prisoner use the bathroom during a contact visit, the bathroom is also recorded by video camera. Mr. Gray alleges the video is continually monitored and stored by remote prison staff, which constitutes a bodily intrusion unwarranted by any legitimate penological interest and a violation of his rights under the Fourth Amendment.

Defendants moved to dismiss for failure to state a claim on January 4, 2019 [ECF No. 20)], and Mr. Gray amended his complaint. [ECF No. 26]. Defendants filed another motion to dismiss for failure to state a claim on February 6, 2019 [ECF No. 28], which the Court denied on August 30, 2019.

[ECF No. 43]. Defendants filed an answer on September 13, 2019 [ECF No. 48], raising nine affirmative defenses.

On September 27, 2019, Mr. Gray filed a motion to strike eight out of the nine affirmative defenses. [ECF No. 51]. Defendants responded on October 11, 2019 [ECF No. 56], and the Magistrate Judge issued a Report and Recommendation on November 12, 2019, recommending that Mr. Gray's motion be granted in part and denied in part. [ECF No. 64]. Specifically, the Magistrate Judge recommended that Mr. Gray's motion be granted as to Defendants' fourth and eighth defenses and denied as to the remaining defenses.

Mr. Gray filed a timely objection to the Report and Recommendation on November 21, 2019 [ECF 67], objecting to only one issue. That is, Mr. Gray objects to the Magistrate Judge's recommendation not to strike Defendants' second affirmative defense of "failure to state a claim." Though Defendants had 14 days to oppose Mr. Gray's objection, they filed no response. The motion is now ripe for disposition.

## DISCUSSION & ANALYSIS

Where, as here, a party files a timely objection, the Court is required to "make a de novo determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court may accept, reject, or

3

modify the recommended disposition, as well as receive more evidence or return the matter to the magistrate judge with instructions. *Id.* Here, there is only one objection—whether the Court should strike the second affirmative defense, for failure to state a claim.

Federal Rule of Civil Procedure 12(f) provides that "[t]he Court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Courts have broad discretion in resolving motions to strike. *Hanover Ins. Co. v. Ryan*, 619 F. Supp. 2d 127, 132-3 (E.D. Pa. 2007) (citing *Cipollone v. Liggett Group, Inc.,* 789 F.2d 181, 188 (3d. Cir. 1986)). "The purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Simmons v. Nationwide Mut. Fire Ins. Co.*, 788 F. Supp. 2d 404, 407 (W.D. Pa. 2011) (quoting *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 402 (E.D. Pa. 2002)) (internal quotation marks omitted).

The Magistrate Judge's Report and Recommendation declined to strike Defendants' second defense because failure to state a claim is not a waivable defense under the Federal Rules of Civil Procedure. The Report and Recommendation cited Rule 12(h)(2) for the proposition that the defense may be raised multiple times ". . . in any pleading allowed or ordered under Rule 7(a); by a motion under Rule 12(c); or at trial." Fed. R. Civ. P. 12(h)(2). The

4

Magistrate Judge reasoned that "Defendants are free to argue that Plaintiff failed to state a claim in any pleading, at the conclusion of the pleadings, or during trial. The Answer, being a pleading, may validly contain a defense for failure to state a claim." [ECF 64 at 4].

But a closer look at Rule 12(h) reveals that it is designed to answer the question of "whether an **omitted** defense which cannot be made the basis of a second motion may nevertheless be pleaded in the answer." Fed. R. Civ. P. 12 advisory committee's note to 1966 amendment (emphasis added). In fact, "[t]he purpose of Rule 12(h)(2) is to make clear that, unlike the 'disfavored' defenses listed in Rule 12(h)(1), the defense of failure to state a claim is not lost **if omitted** from a pre-answer motion or even the party's initial answer." 1 Steven S. Gensler, *Federal Rules of Civil Procedure, Rules and Commentary Rule 12* (Feb. 2019) (emphasis added); *see id.* ("Rule 12(h)(2) deals with raising the defense of failure to state a claim **for the first time** in the answer or in an appropriate post-answer vehicle.") (emphasis added). Thus, Rule 12(h)(2) does not directly address the situation here, which is whether failure to state a claim can be raised for the **second** time in a pleading after a motion to dismiss on that very issue has already been denied. "Rule [12(h)(2)] is not designed to give a defendant a second bite of the apple after the court already determined that its assertion that a plaintiff failed to state a claim is without merit." *U.S. Commodity Futures Trading Com'n v. U.S.*

5

*Bank, N.A.*, No. 13–CV–2041, 2014 WL 294219, at *6 n.7 (N.D. Iowa Jan. 27, 2014) ("Since the court has already addressed U.S. Bank's claim on the merits, U.S. Bank's identical claim in its Answer is an insufficient defense as a matter of law and is now redundant and impertinent.").

District courts in this circuit routinely rule that such an affirmative defense should be stricken if it has been rejected by the court on formal motion. If that weren't the case, then defendants would be able to essentially seek reconsideration without a basis for doing so. *See, e.g., In re Merck & Co., Inc. Vytorin ERISA Litigation*, No. 08–CV–1974, 2010 WL 2557564, *2 (D.N.J. June 23, 2010) ("where the Court has already denied a motion to dismiss for failure to state a claim, the 'failure to state a claim' defense is no longer appropriate"); *Tr. of Local 464A United Food & Commercial Workers Union Pension Fund v. Wachovia Bank, N.A.*, No. 09–668, 2009 WL 4138516, *2 (D.N.J. Nov. 24, 2009) (granting a motion to strike affirmative defense for failure to state a claim where the Court had already denied the motion to dismiss of the party asserting the defense); *U.S. ex rel. Spay v. CVS Caremark Corp.*, No. 09–4672, 2013 WL 1755214, at *3 (E.D. Pa. Apr. 24, 2013) ("Where, however, a court has previously made a legal determination that a Plaintiff's complaint stated a claim for relief, a subsequent affirmative defense claiming failure to state a claim or to properly plead should be stricken. . . . Otherwise, defendants would have the opportunity to seek

6

reconsideration of a court's legal finding through the vehicle of an affirmative defense.").[1]

Here, Defendants previously moved to dismiss Mr. Gray's complaint under Rule 12(b)(6) for failure to state a claim, and the Court ruled on that motion and expressly found that Mr. Gray sufficiently stated a claim for violations of his Fourth Amendment rights. [ECF 37 at 10; ECF 44]. Under these facts, which are analogous to those in *In re Merck*, *Wachovia Bank*, and *CVS Caremark*, Defendants' second affirmative defense for failure to state a claim should also be stricken. All other recommendations of the Magistrate Judge's well-reasoned report will be adopted.[2]

## **CONCLUSION**

After review of the pleadings and documents in this case, together with the Report and Recommendation and objections thereto, the following order is entered:

---

[1] District courts in other circuits have likewise rejected the argument that failure to state a claim can be raised after an unsuccessful Rule 12(b)(6) motion. *See United States ex rel. Landis v. Tailwind Sports Corp.,* 308 F.R.D. 1, 5 (D.D.C. 2015) (citing *CVS Caremark*); *Joe Hand Promotions, Inc. v. Davis*, No. C 11–6166, 2012 WL 4803923, at *3 (N.D. Cal. Oct. 9, 2012).

[2] This does not mean that a defendant can never seek reconsideration of a decision denying a Rule 12(b)(6) motion. But a defendant would have to satisfy the exacting standard for reconsideration, such as showing an intervening change in the controlling law, the availability of new evidence, or the need to correct a clear error of law or fact or to prevent manifest injustice.

**AND NOW,** this 23rd day of December 2019:

**IT IS HEREBY ORDERED** that Mr. Gray's motion to strike [ECF No. 51] be **GRANTED in part** and **DENIED in part**. Specifically, that it be granted as to Defendants' second, fourth, and eighth defenses and denied as to the remaining defenses.

**IT IS FURTHER ORDERED** that the Report and Recommendation [ECF 64] is **ADOPTED in part**. The Court will adopt the discussion of all defenses, other than the second defense for failure to state a claim, as the Opinion of the Court along with this Memorandum Order.

/s/ J. Nicholas Ranjan
United States District Judge

---

*See Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).