IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HEATH W. GRAY, | ) |
| Plaintiff, | ) ) ) 2:18-CV-1414-NR-LPL |
| v. | ) ) |
| ROBERT GILMORE, et al., | ) ) |
| Defendants. | ) ) |

## MEMORANDUM ORDER

**J. Nicholas Ranjan, United States District Judge**

Plaintiff Heath Gray, who is proceeding *pro se*, has objected to Magistrate Judge Lenihan's Report & Recommendation, which recommends that Defendants' Motion for Summary Judgment be granted. ECF 121; ECF 128. After careful consideration, the Court will overrule Mr. Gray's objections, and adopt Magistrate Judge Lenihan's Report & Recommendation in whole.

Under 28 U.S.C. § 636(b)(1)(C), the Court must make a *de novo* determination of any portions of the R&R to which a party objects. The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The Court may also recommit the matter to the magistrate judge with instructions.

In his amended complaint, Mr. Gray, an inmate at SCI-Greene, alleges that Defendants[1] are violating his Fourth Amendment rights by implementing a policy of digitally recording and storing images of strip searches of inmates. ECF 26. Specifically, Mr. Gray alleges that Defendants' policy of "digital recording and storing of Plaintiff's naked image, and images of him using the bathroom on a regular basis"

---

[1] Defendants are Robert Gilmore, Superintendent of SCI-Greene; Michael Zaken, Deputy Superintendent for Facilities Management at SCI-Greene; and Stephen Durco, Security Captain at SCI-Greene.

violates his "Fourth Amendment right to bodily privacy." *Id.* at ¶¶ 9, 11. According to Mr. Gray's claim, when an inmate has visitors, the inmate must be strip searched and must use the restroom (if the need arises during the visit) in a room that is videotaped. *E.g.*, *id.* at ¶ 12. Mr. Gray expressly limits his single claim to challenging the policy of recording and storing these images, and is not challenging the authority of Defendants to strip search inmates like himself. *Id.* at ¶ 11.

Following discovery, Defendants moved for summary judgment. ECF 98. After the parties completed their briefing, Magistrate Judge Lenihan issued her R&R, recommending that summary judgment be granted on two alternative grounds. ECF 121. First, she recommends that summary judgment be granted because Mr. Gray failed to exhaust his administrative remedies, and thus his claim is barred under the Prison Litigation Reform Act. *Id.* at pp. 6-11. Second, she recommends that summary judgment be granted on the merits because the policy at SCI-Greene that Mr. Gray challenges is reasonable and consistent with the Fourth Amendment, and there are no genuine disputes of material fact that would preclude summary judgment. *Id.* at pp. 11-21. Mr. Gray raises objections to both recommendations. ECF 128. After reviewing Mr. Gray's objections *de novo*, the Court will overrule the objections.

As to the exhaustion issue, Mr. Gray first objects to the R&R because his original complaint (ECF 3) purportedly included claims that were properly exhausted. ECF 128, ¶¶ 2-3, 7. Even so, only his amended complaint is operative, and thus the allegations and claims raised in his original complaint have no bearing on the determinations at issue here. *See Garrett v. Wexford Health*, 938 F.3d 69, 82 (3d Cir. 2019) ("In general, an amended pleading supersedes the original pleading and renders the original pleading a nullity. Thus, the most recently filed amended complaint becomes the operative pleading." (cleaned up)). Magistrate Judge Lenihan

properly analyzed exhaustion of the narrow claim presented by the amended complaint.

Mr. Gray next objects that Magistrate Judge Lenihan's recommendation on exhaustion is contrary to the Middle District of Pennsylvania's decision in *Landau v. Lamas*, No. 3:15-1327, 2018 WL 8950127 (M.D. Pa. Oct. 11, 2018). ECF 128, ¶¶ 4-5. The Court disagrees. *Landau* does not apply here, as that case arose from an officer's sexual abuse of an inmate, rather than a challenge to a general policy like Mr. Gray brings here. *E.g.*, *Landau*, 2018 WL 8950127, at *1-2. Thus, as the R&R explains, Mr. Gray's administrative exhaustion requirements are different than the requirements at issue in *Landau*.

The remainder of Mr. Gray's objections as to the exhaustion issue are based on Mr. Gray's assertion that he exhausted his administrative remedies by submitting a DC-135A form. ECF 128, ¶¶ 6-11. For the same reasons explained in Magistrate Judge Lenihan's R&R, the Court concludes that Mr. Gray's completion of a DC-135A form did not exhaust his administrative remedies. The Court will therefore overrule all of Mr. Gray's objections on the exhaustion issue.

Next, Mr. Gray objects to the R&R regarding the merits of his claim. Mr. Gray asserts that the evidence includes video footage showing his "genitalia fully exposed." ECF 128, ¶ 13. He argues that this reveals that the opaque barrier around the room where the strip searches are conducted—which is meant to shield the inmate's genitalia from the camera—is not always used, and thus the camera records his "exposed genitalia." *Id.* at ¶¶ 12-13. Mr. Gray also asserts that the evidence shows that a guard conducting previous strip searches has held the room's door open so that the camera "intentionally captures Plaintiff's genitalia on video." *Id.* at ¶ 13. Additionally, Mr. Gray objects to the R&R because Defendants have a "full body x-ray scanner" in the room, which obviates the need for the strip search, as the scanner can adequately ensure the inmate is not smuggling any contraband. *Id.* at ¶ 26.

Finally, Mr. Gray objects because he asserts there is evidence showing that the camera can rotate, and can thus be rotated to record inmates using the restroom. *Id.* at ¶¶ 27-28.

The Court will overrule Mr. Gray's objections. Mr. Gray's Fourth Amendment claim is narrow—he is challenging only the *policy* of *recording* and *storing* the images of the strip searches and restroom use that occur in the room at issue. ECF 26, ¶ 11. As he expressly states in his amended complaint, he is not challenging the strip search itself or any other requirements imposed on inmates. *Id.* As such, the Court overrules Mr. Gray's objection regarding the "fully body x-ray scanner" (ECF 128, ¶ 26), because (even if an x-ray scanner is being used) the objection is directed to challenging the strip search itself, which Mr. Gray made clear he is not challenging.

Additionally, even if Mr. Gray's evidentiary assertions are correct—that the camera sometimes records his exposed genitalia due to (i) the opaque barrier around the room not always being used, (ii) the officer holding the room's door open, or (iii) the camera being able to rotate (ECF 128, ¶¶ 12-15, 27-28)—the Court finds that Defendants' policy of recording and temporarily storing the images to be reasonable under the Fourth Amendment. As is well established, "using a camera to record a strip search in a prison does not, by itself, amount to a constitutional violation." *Watley v. Pike County*, No. 3:17-CV-1539, 2018 WL 6018903, at *11 (M.D. Pa. Nov. 16, 2018) (collecting cases).

Further, the record demonstrates that Defendants store the images for 30-45 days, and then the images are automatically deleted unless there is a reason that necessitates their retention. ECF 100, ¶ 42. Based on the record, the Court concludes there is nothing unreasonable about storing the images for this amount of time. For example, the need for the images—*e.g.*, to investigate possible smuggling or allegations of abuse of an inmate—would likely not be instantly known, especially if

the accusations or grounds for investigation are not raised or known immediately. Thus, the recording and temporary storing of the images are reasonable.

Moreover, part of Defendants' policy is to shield the inmate's genitalia from the camera, such as by using the opaque barrier around the room. ECF 100, ¶ 31. Thus, the policy that Mr. Gray is challenging actually provides him much of his requested privacy. Mr. Gray's objections to the R&R—regarding the camera capturing images of his genitalia—are more directed to certain prison employees' failures to comply with the policy, which is not a claim at issue.[2]

Accordingly, as the R&R comprehensively explains, Defendants' policy is reasonable under the Fourth Amendment. Summary judgment was properly recommended in favor of Defendants.

For these reasons, the Court adopts Magistrate Judge Lenihan's recommendations (ECF 121) in whole, and overrules all of Mr. Gray's objections (ECF 128).[3] Defendants' motion for summary judgment (ECF 98) is **GRANTED** and Mr. Gray's claim (ECF 26) is **DISMISSED WITH PREJUDICE**. Judgment shall be entered in favor of Defendants, and the Clerk of Court shall mark this case **CLOSED**.

DATED: February 8, 2021                             BY THE COURT:

                                                    /s/ *J. Nicholas Ranjan*
                                                    United States District Judge

---

[2] Mr. Gray also emphasizes that he has seen female guards exit the room where the camera's recorded images can be viewed, and thus he argues there is cross-gender viewing of the images. The Court accepts these facts as true for present purposes (notwithstanding Mr. Gray failing to raise this argument in his objections). But the fact that cross-gender viewing of the images occur does not render the otherwise-reasonable policy of recording and temporarily storing the images unreasonable. *See, e.g.*, ECF 121, p. 19, n.4 (collecting cases).

[3] Magistrate Judge Lenihan also denied Mr. Gray's motion for sanctions. ECF 130. Mr. Gray objected to this denial. ECF 131. The Court sees no error in Magistrate Judge Lenihan's order, and thus overrules Mr. Gray's objections regarding sanctions.